UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 13-23516-CIV-MORENO**

MIKE PETINSKY,

       Plaintiff,

vs.

1800 PALM, LLC,

       Defendant.

_____/

## <u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS</u>

### I. Background

    This case involves claims under the Americans with Disabilities Act ("ADA"). Plaintiff, a wheelchair-bound man, alleges that he visited the shopping center owned by Defendant and encountered numerous obstacles that were violations of the ADA. These violations included barriers from three primary locations: (1) the parking lot and common spaces; (2) the men's restroom at Raul's Cafeteria; and (3) the Men's Restroom at Yuri's Barbershop. In total, the Complaint lists 20 violations that the Plaintiff has personally encountered, but the Plaintiff expects to uncover more violations in discovery.

    Defendant filed its Motion to Dismiss on **<u>October 25, 2013</u>**. Defendant's basic contentions are that the violations complained of either were not violations or have been resolved. Defendant further argues that the allegations regarding the bathroom at Yuri's barbershop should be dismissed because the barbershop in "employees only" and not available to the public. Defendant cites to no statutory or case law in either its Motion to Dismiss or its reply brief.

As will be explained more thoroughly *infra*, the Defendant's Motion to Dismiss is DENIED. Outside of a passing mention of the Americans With Disabilities Act, the statute governing this case, Defendant has cited no legal authority to support its Motion to Dismiss. The only support defendant has provided are one affidavit and eight grainy, black-and white pictures of the spaces in question. A review of the statutory and case law demonstrates that the law cuts squarely against the Defendant. Because Defendant has made no argument beyond cursory statements that the problems have been fixed or were never problems, the Motion to Dismiss is DENIED.

## II. Analysis

Defendant's Motion to Dismiss is halfhearted at best, as it contains only cursory denials and claims of remedial measures. None of its arguments are valid reasons to dismiss the Complaint. Defendant does not specify whether its Motion to Dismiss is a factual or a facial attack - indeed, Defendant only cites to 12(b) generally. However, it seems clear that Defendant's Motion to Dismiss is a factual, as opposed to a facial, attack. *See Lawrence v. Dunbar* 919 F.2d 1525, 1528-29 (11ᵗʰ Cir. 1990). Unlike facial attacks, factual attacks "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* at 1529 (*quoting Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5ᵗʰ Cir. 1980)).[1] When a Defendant properly challenges the subject matter jurisdiction under 12(b)(1), "the district court is free to independently weigh facts and may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11ᵗʰ Cir.

---

[1]All Fifth Circuit decisions handed down prior to the close of business on September 30, 1981, are binding precedent upon the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

2003). The trial Court is free to weight the evidence and determine its own ability to hear the case. *Id.*

In the instant case, Defendant has attached affidavits and photographs (albeit ones of poor quality) to support its Motion to Dismiss. In its response, Plaintiff has attached his own affidavit, the affidavit of his purported expert witness, Luis Androuin, and Androuin's Expert Report, which details all violations and provides color pictures and suggested remedial measures. Thus, the Court reviews the Motion to Dismiss as a factual attack.

Under Title III of the ADA, places of public accommodation are prohibited from discriminating against people with disabilities. 42 U.S.C. §12182. Discrimination includes failing "to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." *Id.* at §12182(b)(2)(A)(iv). Additionally, it is discriminatory for a place of public accommodation to fail "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." *Id.* To meet its burden of proof in showing discrimination, plaintiffs must present evidence that a barrier exists and "sufficient evidence so that a defendant can evaluate the proposed solution to a barrier, the difficulty of accomplishing it, the cost of implementation, and the economic operation of the facility." *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1274 (11th Cir. 2006).

Plaintiff's Complaint alleges violations in three distinct locations within the Defendant's premises: (1) the parking lot and common areas, (2) the men's restroom at Raul's Cafeteria, and (3)

the restrooms of Yuri's Barbershop. Each will be addressed in turn.

### A. General Accessibility Allegations

Defendant has moved this Court to dismiss the seven claims relating to the general accessibility of its premises, including the parking lot and common areas. Defendant's rationales for dismissal can be lumped into three basic categories: (1) general denials; (2) arguments that certain violations complained of were only temporary accidents; and (3) mootness by way of remediation. None of Defendant's arguments are persuasive.

Regarding 7(b) and 7(c), which deal with the slope of the handicapped parking space and access ramp, respectively, Defendant simply argues that they "are not ADA violations." In this respect, its Motion to Dismiss is more properly read as a denial more fitting of an Answer. Additionally, Defendant's argument is factually incorrect. Parking spaces must comply with Section 302 of the ADA Standards for Title II and III Facilities, which permit a change in grade of no more than ½ inch. *See* 36 C.F.R. Pt. 1191, App. D. §502.4; §303.2. There is an exception that allows slopes not steeper than 1:48. *Id.* at §502.4. Likewise, the slope of walking surfaces cannot be steeper than 1:20, and floor or ground surfaces shall comply with section 302. *Id.* at §403. As alleged, Plaintiff has identified a violation, stating that the accessible parking space is sloped at 5.8%, and the access aisle is improperly sloped at 4.3%. Defendant has not shown the alleged barriers fall into an exception, and thus its arguments must fail.

Additionally, Defendant argues that the certain impediments were not "permanent fixtures" and thus not covered by the Americans with Disabilities Act. Under the ADA, it is discriminatory for a place of public accommodation to fail "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities,

privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. §12182(b)(2)(A)(iv). Plaintiff has alleged that Defendant has a discriminatory policy in place. Thus, Defendant's assertion the barriers encountered on the date in question were only temporary does not remove this case from the Court's jurisdiction, especially where, as here, the Plaintiff has alleged that the "temporary" barriers are symptomatic of a problematic corporate policy.  For these reasons, it would be inappropriate to dismiss the complaint with respect to these barriers at this time.

Finally, as discussed more fully in section (b) below, the arguments of mootness by remediation are insufficient to require this Court to dismiss the allegations.

**B. Men's Restroom at Raul's Cafeteria**

Defendant has moved to dismiss all claims related to the Men's Restroom at Raul's Cafeteria. Defendant claims that all issues complained of have now been corrected. Defendant argues that this Court should dismiss the claims as moot. The Court declines.

While Defendant elected to cite no case law on the subject in either its motion or reply brief, Mootness as a doctrine has been covered by courts with binding precedent over this Court. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant . . . free to return to his old ways." *Friends of the Earth, Inc. v. Laidlaw Environ. Svcs.*, 528 U.S. 167, 189 (2000) (internal citations omitted). The Supreme Court further articulated that "the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made

it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.*; *Accord Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007). The defendant bears the "heavy burden" of demonstrating that the challenged actions will not reoccur. *Id.*

Additionally, evidence presented by a Defendant regarding remedial measures is not evidence of mootness. *Norkunas v. Seahorse NB, LLC*, 444 Fed.Appx. 412, 416 (11th Cir. 2011). *Norkunas* was brought under the ADA and was decided by the district court at a bench trial. *Id.* at 414. At the trial, defendant presented evidence of remedial measures. *Id.* at 415. In that regard, the case was different than most ADA cases, where parties typically litigate over whether the removal of barriers is "readily achievable." *Id.* at 416. The district court found that Plaintiff failed to establish continuing discrimination, and thus found in Defendant's favor. *Id.* at 414. On Appeal, the 11th Circuit's holding centered on the Plaintiff's burden of proving discrimination and whether, under the facts of the case, the burden should have shifted to Defendant. *See id.* at 418-19. In its reasoning, the Court stated that "[ev]idence presented regarding the changes at the [Defendant's premises] is counter-evidence for the finder of fact to weigh in determining the existence of barriers-not an argument of mootness as the plaintiff contends." *Id.* at 416.

*Norkunas* is squarely applicable to the instant case. Defendant's assertions that all problems have been rectified do not, on their own, moot the case. Plaintiff has presented sufficient evidence of the barrier, and has satisfied his burden at this stage.

Furthermore, even evaluating the evidence, as the Court may in this case, the Defendant has fallen far short of demonstrating that the case should be dismissed under Rule 12(b)(1). Defendant has provided one affidavit from Juan Amaro, the owner of Defendant 1800 Palm LLC. That affidavit

only addresses allegations related to the restroom at Yuri's Barbershop. Defendant has additionally attached 8 black-and-white photocopies of photographs of what is presumably the bathroom at Raul's Cafeteria or the wheelchair-accessible ramp connecting the storefronts to the parking lot, though no pictures are labeled. Defendant has petitioned the Court to dismiss the Complaint based upon this evidence. The Court gives these photographs minimal weight, as, in addition to failing to demonstrate that the barrier has been addressed and the problem has been mooted with sufficient force that would allow this Court to grant the Motion to Dismiss at this stage, the photographs are themselves are of such poor quality as to be completely indiscernible. Based upon Defendant's photographs, it is impossible ascertain the dimensions of the supposedly rehabilitated barriers. Thus, it is impossible to tell whether the problem has in fact been solved.

In contrast to Defendant's showing, Plaintiff has provided a 66-page report of its expert, Luis Androuin, which addresses the violations still in place, including citations to the relevant regulations and 44 color photographs detailing the specifics of each violation. Defendant's arguments and evidence fall short, and thus its motion to dismiss is denied with regards to these claims.

## C. Bathrooms at Yuri's Barbershop

Finally, Defendant argues that the claims against it that pertain to the bathroom at Yuri's Barbershop should be dismissed because the bathroom is closed to the public. At least two courts in this district have adopted the rule promulgated by the Ninth Circuit that "[i]n such 'mixed-use' facilities, where only part of the facility is open to the public, the portion that is closed to the public is not a place of public accommodation and thus is not subject to Title III of the ADA." *Doran v. 7-Eleven, Inc.*, 506 F.3d 1191, 1203 (9th Cir. 2007); *See Harty v. Sra/Palm Trails Plaza*, 755 F.Supp.2d 1215 (S.D. Fla. 2010).

Nevertheless, the Court denies Defendant's Motion to Dismiss. Plaintiff claims that the bathroom was open to the public at the time Plaintiff visited the premises. The Defendant asserts that they are "employee-only" bathrooms. This is a dispute of material fact. While this dispute affects the Court's jurisdiction, as, should the restroom be deemed to be something other than a "place of public accommodation," then it is not covered by Title III and thus beyond this Court's jurisdiction, this jurisdictional dispute is intertwined with a dispute on the merits.

The 11th Circuit has stated that "the question of jurisdiction and the merits of an action will be considered intertwined where . . . a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's claim for relief." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1262 (11th Cir. 1997) (*quoting Sun Valley Gasoline v. Ernst Enters., Inc.*, 711 F.2d 138, 139-140 (9th Cir. 1983)). In *Garcia*, the 11th Circuit held that whether a defendant was an "employer" as defined in the Age Discrimination in Employment Act spoke to the merits of the underlying case and was not a purely jurisdictional contention. *Id.* at 1258. In reaching its decision, the Court conducted a thorough analysis of the statute and leaned heavily on the definitions section to determine that the cause of action could only succeed where a Plaintiff "is able to prove an 'employer' discriminated against him/her on the basis of age." *Id.* at 1263.[2]

---

[2] Two years after the Court's decision in *Garcia*, the waters were muddied in *Scarfo v. Ginsberg*. In that case, the Court distinguished the facts of the Plaintiff's Title VII case and determined that "whether the appellees constitute an employer within the definition of Title VII is a threshold jurisdictional issue" and not an element of plaintiff's claim. *Scarfo v. Ginsberg*, 175 F.3d 957, 961 (11th Cir. 1999). This decision thus placed *Scarfo* in direct conflict with *Garcia*. *See Scelta v. Delicatessen Support Svcs.*, 1999 WL 1053121 at *5 (M.D. Fla. 1999). The 11th Circuit resolved the conflict in *Garcia's* favor in *Morrison v. Amway Corp*. After analyzing both cases, the panel determined that "*Garcia* was squarely applicable to the facts of *Scarfo*." *Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003). In reviewing the conflict, the Court applied the "earliest case" rule, which provides that "when circuit authority is in conflict, a panel should look to the line of authority containing the earliest case, because a decision of a

While *Garcia* and concerned the statutory definition of "employee" or "employer," it is nevertheless highly instructive to the instant dispute. In the case at bar, the parties dispute whether the restroom at Yuri's Barbershop was a "place of public accommodation." Indeed, the 11th Circuit has recently stated that "[a] plaintiff alleging Title III ADA discrimination must initially prove that (1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA." *Norkunas v. Seahorse NB, LLC*, 444 Fed.Appx. at 416. Under this reading, whether the bathroom is a place of "public accommodation" is an element of Plaintiff's claim.

If the bathroom were not were not a place of public accommodation, then the more prevalent view in this district would instruct this Court to dismiss the claims related to the Yuri's Barbershop restroom for a lack of subject matter jurisdiction. *See generally Harty v. Sra/Palm Trails Plaza*, 755 F.Supp.2d at 1217. Thus, it seems clear that the Plaintiff's efforts to prove that the bathroom is a "public accommodation" is both an element of Plaintiff's claims and a jurisdictional requirement; the disputes are intertwined.

When a jurisdictional challenge implicates the merits of the Plaintiff's underlying claim "[t]he

---

prior panel cannot be overturned by a later panel." *Id.* (quoting *Walker v. Mortham*, 158 F.3d 1177, 1188 (11th Cir. 1998). The Court concluded that:

> *Garcia* preceded *Scarfo* and, in our view, correctly states the law in our Circuit. As a panel of this Court ourselves, it is not for us to decide whether *Garcia should* be the law in this Circuit. That question can only be answered by the Supreme Court or this court sitting en banc. Rather we conclude that *Garcia is* the law in this Circuit and must be respected." *Id.*

In light of the Court's decision in *Morrison*, *Garcia* can be applied to this case.

-9-

proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case." *Lawrence v. Dunbar*, 919 F.2d at 1529. Faced with competing affidavits, the Court would have to decide as a matter of law that the restrooms were "employee-only" in order to determine that it lacks jurisdiction. The Court will refrain from doing so. Thus, Defendant's Motion to Dismiss with respect to the bathrooms at Yuri's Barbershop is hereby denied.

## III. Conclusion

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 6)**, filed on **October 25, 2013**.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Defendant shall file an Answer no later than **January 3, 2013**.

DONE AND ORDERED in Chambers at Miami, Florida, this 12 day of December, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record